UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| DIANE LEIGH ROBERTS | ) | |
|---|---|---|
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| JAMES D. PRATT | ) | |

This Complaint brought by an individual against Defendant James D. Pratt, attorney-at-law, for legal malpractice.

## I. Jurisdiction and Venue

This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1332. Venue is proper in this Court as the events described herein resulted in injury in North Carolina.

## II. The Parties

1. Plaintiff Diane Leigh Roberts is of legal age and is a resident of the State of North Carolina.

2. Upon information and belief, Defendant James D. Pratt is an attorney licensed to practice within the State of Michigan. At all relevant times, Defendant Pratt had a place of business at 411 Fort Street, Suite B, Port Huron, MI 48060.

### III. General Allegation

3. On December 3, 2007, Plaintiff was involved in an automobile accident in North Carolina.
4. As a result of the automobile accident, Plaintiff sustained injuries.
5. Plaintiff contacted Defendant to represent her with respect to this accident.
6. Defendant agreed to represent Plaintiff with her claim.
7. Upon information and belief, Defendant sent notice of his representation to the insurance carrier for the at-fault party.
8. Upon information and belief, Plaintiff incurred special damages in an amount in excess of $7,000 as a result of the accident on December 3, 2007.
9. After assuming representation responsibilities and creating an attorney-client relationship, Defendant did not terminate his representation of Plaintiff.
10. During the course of his representation, Defendant advised Plaintiff that he had "put State Farm (carrier for the at-fault party) on notice" of the claim and his representation.
11. The statute of limitations on Plaintiff's claim expired on December 3, 2010.
12. Defendant failed to enter into a Tolling Agreement executed on behalf of Plaintiff prior to the expiration of the statute of limitations.
13. Defendant failed to file a lawsuit prior to the expiration of the statute of limitations.

## First Claim for Relief
## ((Legal Malpractice)

14. Plaintiff restates and reincorporates by reference each and every allegation stated in paragraphs 1 through 13 above.

15. An attorney-client relationship was created and existed between the Defendant and the Plaintiff, as evidenced by the fact that the Defendant agreed to accept representation and notified State Farm his representation.

16. Defendant acted negligently when he failed to exercise the care, skill and diligence commonly possessed by a member of the legal profession.

17. In particular, the Defendant's negligence included, but was not limited to, the failure to advise the Plaintiff to hire North Carolina counsel to file an action prior to the expiration of her statute of limitations, failing to engage co-counsel in North Carolina to file an action prior to the expiration of the statute of limitations and/or failing to negotiate a tolling agreement with State Farm to protect Plaintiff's interests.

18. As a direct and proximate result of the negligent actions of Defendant, Plaintiff's interests were not protected by resolving the case within the statute of limitations or by filing a case in North Carolina prior to the expiration of the statute limitations.

19. But for the negligent actions of the Defendant, Plaintiff was deprived of the opportunity to file a case prior to the expiration of the statute of limitations and to obtain compensation for her damages resulting from the accident on December 3, 2007.

20. As a direct and proximate result of the negligent acts of the Defendant, Plaintiff has suffered damages in an amount to be proven at trial.

## Second Claim for Relief
## (Breach of Implied Contract)

21. Plaintiff restates and reincorporates by reference each and every allegation stated in paragraphs 1 through 20 above.

22. Defendant created an implied contract with Plaintiff by agreeing to accept her case for representation.

23. Defendant breached the implied contract with Plaintiff by failing to perform one or more of the terms of the implied contract, namely to exercise the care, skill and diligence commonly possessed by a member of the legal profession.

24. Defendant breached the terms of the implied contract with Plaintiff by failing and refusing to perform in good faith on his agreement to represent Plaintiff with respect to her claim for damages resulting from an automobile accident on December 3, 2007.

25. As a direct and proximate result of the breach of the implied contract by Defendant, Plaintiff's interests were not protected by resolving the case within the statute of limitations, by filing a case in North Carolina prior to the expiration of the statute limitations, or by otherwise protecting Plaintiff's interests.

26. As a direct and proximate result of the negligence of Defendant, Plaintiff has suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff respectfully prays this court the following:

1. That Plaintiff have and recover of Defendant compensatory damages on the First Claim for Relief, in an amount to be determined, which amount shall be proven at the trial of this matter;

2. That Plaintiff have and recover of Defendant compensatory damages on the Second Claim for Relief, in an amount to be determined, which amount shall be proven at the trial of this matter;

3. That Plaintiff recover reasonable attorneys fees as allowed by law;

4. For a trial by a jury;

5. For the costs of this action to be taxed to Defendant; and,

6. For any such further relief that this Court may deem just and proper.

This the 2nd day of December, 2013.

                                        s/Robert B. Newkirk, III
                                        NC Bar No. 16471
                                        Newkirk Law Office, P.A.
                                        Attorney for Plaintiff
                                        PO Box 2536
                                        Cornelius, NC 28031
                                         P: 704-892-5898
                                         F: 704-892-5633
                                         E-mail: robert@newkirklawoffice.com